```
          UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW HAMPSHIRE
```

Timothy Trimbur

    v.                                  Case No. 18-cv-1175-PB

Town of Hooksett and
Hooksett District Court

**REPORT AND RECOMMENDATION**

Timothy Trimbur has commenced an action in this court by filing a document he has entitled "Ex Parte Petition for a Writ of Habeas Corpus" (Doc. No. 1). This matter has been opened as a habeas action and is therefore before the court for preliminary review, to determine whether Trimbur's petition is facially valid and may proceed, pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules") and LR 4.3(d)(4)(A).

**Preliminary Review Standard**

A judge is required to examine a petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." § 2254 Rule 4. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

The court construes Trimbur's pleadings liberally, in light of his pro se status.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Trimbur is a professional timber harvester.  The Town of Hooksett, New Hampshire ("Town") brought a civil action in state court against Trimbur for violating a Town noise ordinance while he was legally harvesting timber on the private property of Louise Maple.  See Town of Hooksett v. Louise Marple and Timothy Trimbur, No. 447-2017-CV-00089 (N.H. Cir. Ct., 6th Cir.-Dist. Div.-Hooksett ("Hooksett District Court"))) (filed Oct. 27, 2017 (Dkt. No. 1)).  Judgment entered against Trimbur in that matter in the amount of $6000, see id., Nov. 6, 2018 Order (Dkt. No. 39), and the Hooksett District Court denied Trimbur's motion to vacate the order and judgment.  See id., Nov. 20, 2018 Order. It does not appear that Trimbur appealed the Hooksett District Court's judgment to the New Hampshire Supreme Court.

## Claims

In this action, brought against the Town and the Hooksett District Court, Trimbur seeks relief on the basis that the state court judgment violated his federal constitutional rights. Trimbur asserts the following claims:

2

1.   The Town denied Trimbur his Fourteenth Amendment right to equal protection of the laws when it brought a civil action against Trimbur for a noise ordinance violation, for the same conduct engaged in by another timber harvester in Hooksett who was not prosecuted.

2.   The Town violated Trimbur's Fourteenth Amendment due process rights by entrapping him, in that the Town enticed Trimbur to harvest timber by granting him a work permit, when Trimbur would not have harvested timber had the permit not been granted, and then prosecuted Trimbur for violating a noise ordinance by engaging in the timber harvesting for which the Town had granted him a permit.

3.   The Hooksett District Court improperly entered judgment against Trimbur in a prosecution that violated Trimbur's Fourteenth Amendment rights to equal protection and due process.

4.   The defendants conspired to violate Trimbur's federal constitutional rights, in violation of 18 U.S.C. §§ 241, 242.

5.   The defendants violated Louise Marple's Fourteenth Amendment rights by depriving her of the ability to have her timber harvested, without paying her just compensation for the deprivation.

**Discussion**

I.   Availability of Habeas Corpus Relief

   A.   "In Custody" Requirement

As stated above, Trimbur has characterized this action as arising in habeas corpus. A federal district court may entertain a habeas corpus petition only from a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also id. at § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989). The "in

3

custody" requirement of the federal habeas statute is jurisdictional. See Maleng, 490 U.S. at 490. Custody is determined as of the date the habeas petition is filed. See Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968); Leitao v. Reno, 311 F.3d 453, 455 (1st Cir. 2002).

Restraints short of incarceration may satisfy the "in custody" requirement where an applicant is subject to significant restraint on his or her liberty that is "not shared by the public generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963). However, a monetary civil judgment does not meet that threshold. See Parmaei v. Smith, 228 F. App'x 264, 264 (4th Cir. 2007) (action challenging state court's civil judgment against habeas petitioner unrelated to petitioner's custody status not properly characterized as habeas action); Sevier v. Turner, 742 F.2d 262, 269 (6th Cir. 1984) (neither a fine nor a "civil money judgment" "create custody for purposes of §§ 2241 and 2254"); see also Watson v. Coakley, No. CIV.A. 11-11697-DJC, 2011 WL 6046529, at *1, 2011 U.S. Dist. LEXIS 138869, at *3-*5 (D. Mass. Dec. 2, 2011) (collecting cases).

In this action, Trimbur seeks habeas relief from a civil money judgment. At the time he filed this case, Trimbur was not in actual physical custody, or subject to any restraint on his liberty that satisfies the "in custody" requirement for habeas relief. Accordingly, Trimbur cannot satisfy the custody

requirement of a habeas action, and the district judge should dismiss his habeas petition for lack of jurisdiction.

### B. Certificate of Appealability

Trimbur has not specifically stated whether his habeas petition is asserted under § 2241 or § 2254. The § 2254 Rules require the court to "issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to the party" in a § 2254 action. § 2254 Rule 11(a). Where the court denies a request for habeas relief on procedural grounds, a COA should issue only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A COA is not required to appeal the denial of a § 2241 petition.

Assuming, without deciding, that this court is required to issue or deny a COA in this case, a COA should not be issued. Reasonable jurists would not find this court's jurisdictional ruling to be debatable.

## II. Civil Rights Claims (Claims 1-3)

In the claims identified in this Report and Recommendation

("R&R") as Claims 1-3, Trimbur asserts claims alleging that the Town and the Hooksett District Court violated his civil rights. The only relief Trimbur seeks here for those alleged violations is for this court to "relieve him of the unlawful prosecution" to which he was subject by the defendants.

Even if Trimbur had brought this case as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas action, the Rooker-Feldman doctrine would deprive this court of jurisdiction to grant Trimbur the relief he seeks. See Rooker v. Fid. Tr. Co., 263 U.S. 43 (1923) and D.C. Ct. App. v. Feldman, 460 U.S. 462 (1983).  The Rooker-Feldman doctrine "stand[s] for the proposition that only the Supreme Court has the power to reverse or modify final state court judgments" and "divests 'lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court.'" Sinapi v. R.I. Bd. of Bar Exam'rs, 910 F.3d 544, 549 (1st Cir. 2018) (citation omitted).  "The doctrine applies to . . . 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).[1]

---

[1]Trimbur invokes the Supremacy Clause, contained in Article VI of the United States Constitution, as a basis for this

Accordingly, the court declines to redocket the petition filed in this matter as the complaint in a new civil case, as the court would not have jurisdiction over Trimbur's claims for relief from judgment in a civil rights action.  However, Trimbur is not barred from filing a new civil case, asserting claims for damages or injunctive relief, for violations of his federal constitutional rights, if such claims are not "inextricably intertwined" with the related issues Trimbur adjudicated in the state court proceedings.  See Sheehan v. Marr, 207 F.3d 35, 40 (1st Cir. 2000) (Rooker-Feldman doctrine forecloses federal court jurisdiction over claims "inextricably intertwined with the state court claims").  "A federal claim is inextricably intertwined with the state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'"  Id.

## III. 18 U.S.C. §§ 241 & 242 (Claim 4)

In his claim identified in this R&R as Claim 4, Trimbur alleges that the defendants' conduct, described in his petition, constituted a violation of 18 U.S.C. §§ 241 & 242.  Sections 241

---

court's authority to relieve him from the state court judgment. However, the Rooker-Feldman doctrine deprives this court of jurisdiction "even when the party invoking federal jurisdiction asserts a claim under the Supremacy Clause or some other important aspect of federal law." Gutierrez v. Vigil, No. CIV 04-618 MCA/ACT, 2005 WL 8164225, at *3 (D.N.M. Feb. 11, 2005).

7

and 242 authorize the government to criminally prosecute certain conspiracies to violate an individual's civil rights of an individual.  A private party has no standing to seek relief in a civil action for allegedly criminal conduct.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (individual has no "judicially cognizable interest in the prosecution or nonprosecution of another").  Accordingly, the district judge should dismiss the claim identified above as Claim 4.

IV.   Claim Asserted on Behalf of Louise Marple (Claim 5)

In the claim identified in this Order as Claim 5, Trimbur has asserted the rights of Louise Marple, the individual who hired Trimbur to harvest timber on her property.  Pro se litigants such as Trimbur, however, cannot litigate on behalf of others in this court.  See 28 U.S.C. § 1654; LR 83.2(d).  Accordingly, Trimbur cannot advance claims on behalf of Mrs. Marple or assert claims based on violations of Mrs. Marple's rights.  The district judge should dismiss Claim 5 on that basis.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety.  Claims 1-3, as identified in this R&R, should be dismissed for lack of jurisdiction,

8

without prejudice to Trimbur's ability to properly challenge the state court judgment challenged here in a court of competent jurisdiction, and/or bring a new civil rights action here asserting claims for relief cognizable in this court.  The district judge should dismiss Claims 4 and 5, as identified above, with prejudice.  Finally, the district judge should decline to issue a COA to the extent this action was brought under 28 U.S.C. § 2254.

   Any objections to this R&R must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the R&R within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                    _____
                                    Andrea K. Johnstone
                                    United States Magistrate Judge

January 9, 2019

cc:  Timothy Trimbur, pro se